UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 1:23-cv-11050-MJJ |
| GA INVESTORS, | ) ) ) | |
| Defendant, | ) ) | |

**DECLARATION OF JOHN B. MCCANN**

John B. McCann, pursuant to 28 U.S.C. §1746, hereby declares as follows:

**1.** I am a forensic Staff Accountant employed by the U.S. Securities and Exchange Commission (the "Commission") in the Boston Regional Office. I have been employed at the Commission since February 2014 and my duties include conducting investigations relating to potential violations of the federal securities laws.

**2.** Prior to joining the Commission, my relevant professional experience includes approximately sixteen years as a forensic accountant for PwC and Mack|Barclay, where I investigated matters including financial statement fraud, asset misappropriation, and corruption, as well as prepared damages remedies. I also have approximately four years' experience as an auditor for Coopers & Lybrand. I am a Certified Public Accountant in Massachusetts and hold the Certified in Financial Forensics designation from the American Institute of Certified Public Accountants. I have a Bachelor of Business Administration degree with a concentration in Accounting from the University of Massachusetts at Amherst.

3. I make this Declaration based upon my personal knowledge and upon information and belief as set forth below, and in support of the Commission's Motion for Default Judgment against Defendant GA Investors.

4. I reviewed available investigative records to identify certain investors' cryptocurrency transferred to the Defendant, including investor documents produced to the Commission, summaries of the Commission staff's interviews with investors, cryptocurrency account records obtained directly from Binance.com, and other blockchain analysis tools and information. I quantified the investors' cryptocurrency transfers to the Defendant, net of any identified investor withdrawals, to determine disgorgement.

5. Based on my analysis of the available records, I identified that five investors transferred the equivalent of $90,122 (USD) in cryptocurrency to the Defendant and that two of those investors withdrew the equivalent of $20,064 (USD) in cryptocurrency from the Defendant. The table below summarizes the net investment amount by investor:

| Investor | Investor Funds, net |
|---|---|
| A | $34,933 |
| B | $19,857 |
| C | $43 |
| D | $224 |
| E | $15,000 |
| Total | $70,058 |

**Prejudgment Interest**

6. I applied prejudgment interest to the disgorgement of $70,058 which I calculated beginning from the month following the underlying investment through December 31, 2023.

3

    **7.**    The prejudgment interest rate used by the Commission is the same rate used by the Internal Revenue Service to calculate underpayment of penalties. That rate is the Federal short-term rate plus 3 percentage points (the "Annual Rate"). *See* 26 U.S.C. §6621(a)(2). To calculate prejudgment interest, the Commission prorated the Annual Rate to compound quarterly. Applying this methodology resulted in prejudgment interest of $5,740.

    8.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 12, 2024, in Boston, Massachusetts.

                                            <u>/s/ John B. McCann</u>
                                            John B. McCann